### IN THE

# COURT OF APPEALS

### OF

# MARYLAND.

---

*December Term,* 1838.

OSBOURNE AND SCOTT, *Admrs. of* THOMAS OSBOURNE *vs.* THE STATE *use of* JOHN PARRAN, *Executor of* RICHARD GRAHAM.—*December,* 1838.

The acts of 1805, ch. 110, 1807, ch. 150, and 1808, ch. 71, under which the appearance bonds of insolvent debtors are taken, prescribe no time or times at which the appearance of the insolvent is to be made. This is left to the discretion of the court, or the judges, and the insolvent is bound to appear on the day mentioned in the condition of his bond, or it will be forfeited, though he may appear on some day during the same term of the court mentioned in said condition.

The time mentioned in the condition of such a bond, is an explicit designation of the day for the appearance of the insolvent, and not merely descriptive *of the term* of the court, by designating the day of its commencement.

APPEAL from *Prince George's* county court.

THIS was an action of *debt*, brought against the administrators of *Thomas Osbourne* on the 19th day of June, 1834, upon the bond of Henry A. Callis, *Thomas Osbourne* and George H. Lanhan, to the state, reciting that the said Callis has petitioned the judges of *Prince George's* county court for the benefit of the insolvent laws, and conditioned that he

should, well and truly appear before said court, on the second Monday of October next, to answer any allegations which may be made by his creditors, then, &c. This bond was dated 22d April, 1825. The defendant pleaded general performance. The replication, alleged the application of Callis on the 23d April, 1825, for relief—his release on giving bond: the bond declared upon, and then further alleged, that the said Callis did not make his personal appearance before Prince George's county court, on the 2d Monday of October then next, in conformity with the said bond; and that *Richard Graham,* testator of *John Parran,* was a judgment creditor of said Callis, hindered and delayed in the recovery of his debt by reason of his said discharge.

The rejoinder alleged, that said Callis did make his personal appearance in Prince George's county court, on the 2d Monday of October, 1825, and remained therein until duly and legally discharged therefrom by the court, and this they pray may be inquired of by the record, &c. On this issue was joined. Errors of pleading were waived by both parties.

It was admitted by the parties that Henry A. Callis petitioned the judges of Prince George's county court, for the benefit of the insolvent laws of Maryland, on the 23d April, 1825, and that a personal discharge was granted the said insolvent on that day, when the bond on which the present action is brought was approved by the judge who granted the said personal discharge, and was filed among the proceedings connected with the application of said insolvent. It is further admitted, that the second Monday of October in the year 1825, the term of the court at which the said insolvent was by the condition of his bond to appear to answer the allegations of his creditors, was the 13th day of the same month, and that the said insolvent did not appear; but that he did appear on the 16th of the same month during the said term of the court; when his appearance was noted upon the minutes of the court, and the time for his personal appearance extended to the next succeeding term of the said court, being the April term, 1826, which commenced on the 3d of

## OF MARYLAND. 3

Osbourne and Scott *vs.* The State use of Parran and Graham.—1838.

the month, and that the insolvent appeared on the 14th day of said month, during said term, took the required oath, and was fully discharged from his debts according to the provisions of the insolvent law of this state. It is further admitted, that the judgment set forth in the plaintiff's replication was recovered against the said Henry A. Callis at the time and for the amount and with the release and costs, as therein stated, and is still due and unsatisfied. It is further admitted, that no allegations were filed against the said Callis by any of his creditors, and that the schedule filed with his aforesaid petition contains no property or debts of any description. Upon the preceding statement it is agreed that if the court should be of opinion that the plaintiff is entitled to recover, upon the bond upon which this action is brought, that then judgment shall be entered for the plaintiff for the claim as set forth in his replication, to be released upon the payment of his proportion of assets of the said *Osbourne*, now in the hands of the defendants, or which may hereafter come to their hands; but if the court should be of opinion that the plaintiff is not entitled to recover, then the judgment shall be rendered for the defendants, with liberty to either party to appeal or prosecute a writ of error to the court of Appeals.

Upon this statement the county court rendered judgment for the plaintiff, and the defendants appealed to this court.

The cause was argued before BUCHANAN, Ch. J., ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

J. JOHNSON, for the appellant, contended:

1. That in contemplation of law, the whole term is but one day, and that an appearance therefore during the term, is in legal effect, an appearance on the first day of the term.

2. That having appeared during the term, and the court having extended the time for his re-appearance to the next succeeding term, operates an enlargement of the condition of the bond, so as to make an appearance at such succeeding term, a compliance therewith.

3. That the insolvent, having obtained his final discharge, is released from responsibility to his creditors, and that consequently, the claim is extinguished, which the plaintiff is seeking to enforce against the bond.

He cited in the argument: 6 *Jac. L. D.* 212. *Wynne vs. Wynne,* 1 *Wilson Rep.* 37. *Kinsted, et al, vs. The State,* 1 *Gill & John.* 249. *Act* 1805, *ch.* 110, *sec.* 11. 1 *Law Lib.* 2. 1 *Law Lib.* 123.

T. F. Bowie, for the appellee, contended:

1. That the insolvent petitioner was bound to have appeared before the judges of Prince George's county court on the 13th of October, 1825, the day on which he stipulated to appear in the condition of the appearance bond on which this suit is brought, and that having failed to appear on that day, he committed *a breach* of his bond, which can not be cured by his appearance on any other day.

2. That as soon as the breach of the bond was committed, the plaintiff below had a good and available cause of action, which by operation of law became a vested right, and could not be affected by the appearance of the insolvent *petitioner* at a subsequent period, or by the action of the court, in their subsequent order, granting the petitioner his final discharge.

3. That the operation of a final discharge under the insolvent laws of this state, is not to extinguish or release the debt or claim, but only to suspend the remedy against *the person* of the debtor, and such property as he may acquire by his subsequent individual labour and industry. It is but a qualified, and not an absolute and unconditional release, such as on general principles of law would relieve a surety, or destroy any additional security the creditor may have acquired.

4. That the policy of the law, requires the insolvent petitioner to appear on some certain day to be named and designated, that his creditors may have notice *when* to meet him with their allegations. If an appearance at any time during the term is allowed to be sufficient, the whole design of the

insolvent laws may be defeated, by enabling a cunning and artful debtor to elude the pursuit of an honest creditor.

He cited in the argument: *Act of* 1805, *ch.* 110, *sec.* 11. 1815, *ch.* 122, *sec.* 1. 1 *Law Lib.* 122, 123. *Buel vs. Gordon*, 6 *John. Rep.* 126. *Macdonald vs. Bovington*, 4 *Term. Rep.* 825. *Page vs. Bussell*, 2 *Mart. & Sel.* 551. 1 *Law Lib.* 107. *Cour vs. Whitaker*, 2 *John. Cases*, 280.

DORSEY, Judge, delivered the opinion of the court.

The only question which we are required to determine in this case is, does the appearance of the insolvent petitioner at a day subsequent to that specified in the bond for his appearance, but during the same term of the county court, operate in law as a performance of the condition of the bond. Those clauses in the acts of assembly of 1805, ch. 110; 1807, ch. 150; and 1808, ch. 71; under which the appearance bonds of insolvent debtors are taken, prescribe no time or times, at which the appearance of the insolvent is to be made, but leave it to the discretion of the county court, or the judges thereof. The first, the last, or any intermediate day of the term, may be selected. There is nothing in the nature of the bond, or the expressions used in it, that would justify the court in giving to it a construction, inconsistent with its express, unequivocal import. If, as has been urged, the day of appearance so explicitly directed in the bond, is to be modified and changed by the legal fiction, (adopted for some purposes) which makes the proceedings of the court relate back to the first day of the term, which is therefore regarded as if but one day's duration, so as to mean any subsequent day of the term, with the same propriety had the day of appearance been fixed for the fourth day of the term, it might be insisted that an appearance on the first day of the term, would be a performance of the condition of the bond. By authorizing the court, or judge, as the case might be, to direct the time when the insolvent should appear to answer the allegations of his creditors, the legislature designed that the appearance should take place on the day appointed, and

not at any subsequent day of the term. But it is insisted, that the bond for the appearance of an insolvent, is in effect the same as a bail bond, the forfeiture of the latter of which, it is asserted, is saved by an appearance at any time during the term. For this assertion as to a bail bond no authority has been referred to, and from the constant habit of our courts, to forfeit recognizances, where the recognizors do not appear, when called at the commencement, or any other period of the term, it is not so certain that any such authority could be found. But be this as it may, it would not affect our opinion in the case before us. The condition of the ordinary bail bond, differs in terms from that now before us, in reference to the question now under consideration. The condition of the bail bond is, that the principal obligor make his personal appearance before the ——— county court to be held at ——— on the —— day of ——— next, (stating the day, month, and place, prescribed for the meeting of the court.) To such a bond it might with some plausibility be contended, that the statement of the day and place was not inserted, as fixing the time and place at which the appearance was to be entered, but as descriptive of the time and place of holding the county court, at which the party was bound to appear; and consequently, that an appearance on any day of the term would be a compliance with the condition of the bond. But the time specified in the condition of the bond before us is an explicit designation of the day for the appearance of the insolvent, and cannot be regarded as merely descriptive of the term of the court by designating the day of its commencement. The condition of the bail bond herein before stated, is substantially conformable to those ordinarily used in Maryland, a precedent for which may be seen in 1 *Har. Ent.* 17. It is true, that in 1 *Evans' Har. Ent.* 49, we find a precedent for the condition of a bail bond as regards the time for the parties' appearance, identical with the insolvent's bond in question; but we are not aware that it has been followed as a precedent for bail bonds in Maryland, and we feel well assured, if it has, that it has never

judicially received that interpretation, which has been assumed for bail bonds in the argument of the counsel for the appellant in this cause.

Concurring with the county court,

JUDGMENT AFFIRMED.